# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:94-CR-108

United States of America

v.

Joe Williams, Jr.
             Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

   Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 12, 2009, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I. The Original Conviction and Sentence

Defendant was sentenced on May 16, 1995, before The Honorable Richard A. Schell , U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class A felony. This offense carried a statutory maximum imprisonment term of Life imprisonment. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of IV, was 168 to 210 months. Defendant was subsequently sentenced to 180 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions including financial obligations; financial disclosure; drug and alcohol treatment; adult literacy program; and a $100 special assessment.

## II. The Period of Supervision

On March 17, 2008, defendant completed his period of imprisonment. His supervision did not commence until October 15, 2008, as defendant failed to report to the U.S. Probation Office within 72 hours of his release from custody as directed.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 12, 2009. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not illegally possess controlled substance. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such |

|  |  |
|---|---|
|  | time as the defendant is released from the program by the probation officer. |
| Special Condition: | Defendant shall participate in an adult literacy program as approved by the U.S. Probation Office. |

As grounds, the petition alleges that defendant submitted urine specimens which tested positive for cocaine on October 29, 2008; January 15, 2009; and April 9, and 29, 2009. The petition also alleges that defendant failed to participate in Region VI Mental Health Center, in the Southern District of Mississippi as directed for drug and alcohol treatment. Defendant also failed to make contact and register with Mississippi Delta Community College as required for an adult literacy program.

## IV. Proceedings

On August 5, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated special conditions of supervised release by failing to participate in drug and alcohol treatment and failing to participate in an adult literacy program. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose 12 months imprisonment, with a 24 month term of supervised release thereafter.

Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegations that he violated special conditions of supervised release by failing to participate in drug and alcohol treatment and failing to participate in an adult literacy program.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 5 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to participate in drug and alcohol treatment and failing to participate in an adult literacy program, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to 18 U.S.C. § 3583(e)(3), the Court is authorized to reimpose a term of supervised release following the revocation of cases which occurred prior to September 13, 1994. See Johnson v. United States, 529 U.S. 694 (2000). The maximum term of supervised release that can be reimposed is the original term of supervised release less any revocation imprisonment term(s) imposed. In cases where the original term of supervised release is less than the statutory maximum, the Court may, before revoking the term, extend it to the statutory maximum, pursuant to 18 U.S.C. § 3583(e)(2).

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553 (a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### Findings:

Defendant pleaded "true" to the allegations that he violated special conditions of supervised release by failing to participate in drug and alcohol treatment and failing to participate in an adult literacy program. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manners alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

### Conclusion and Justification:

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to participate in drug and alcohol treatment and failing to participate in an adult literacy program. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration followed by a period of supervised release.

# RECOMMENDATIONS

1. The court should find that defendant violated special conditions of supervised release, by failing to participate in drug and alcohol treatment and failing to participate in an adult literacy program, in the manners alleged in the petition.
2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 12 months to run concurrent to any other sentence currently pending disposition.

4. Upon release of imprisonment, defendant should be placed on supervised release for 24 months. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

    a. Defendant shall not illegally possess a controlled substance.

    b. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

    c. Defendant shall participate in an adult literacy program as approved by the U.S. Probation Office.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 5th day of August, 2009.

_____
Earl S. Hines
United States Magistrate Judge